**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LINETTE EDMOND COLLINS, AMY VALENTINE, DONNA LEE, JACQUELINE L. ROSEBORO, MILDRED WINSTON, AND ALL OTHERS SIMILARLY SITUATED,<br><br>    *Plaintiffs*,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY, AND AETNA INC.<br><br>    *Defendants*. | Civil Action No. |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Linette Edmond Collins, Amy Valentine, Donna Lee, Jacqueline L Roseboro, and Mildred Winston ("Plaintiffs") file this Class and Collective Action Complaint ("Complaint") against Aetna Life Insurance Company ("Aetna Life") and Aetna Inc. (collectively, "Defendants") and in support state the following:

### Nature of This Lawsuit

1.    Defendants partner with healthcare providers and health insurance providers to improve the quality and cost of medical care.

2.    Defendants employed Plaintiffs to perform utilization review functions to attempt to reduce the costs of medical care.

3.    Defendants employed Plaintiffs and other individuals to perform similar job duties under various job titles, including but not limited to "Utilization Review Nurse," "Utilization Management Nurse Consultant," "Concurrent Review Nurse" (collectively, "Utilization Review Employees").

4. Defendants paid Utilization Review Employees a salary.

5. Defendants' Utilization Review Employees regularly worked over 40 hours per week.

6. Defendants classified Utilization Review Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in an individual workweek.

7. In fact, Defendants' Utilization Review Employees primarily performed non-exempt work, including asking members standardized questions to collect data; inputting answers to those questions into Defendants' computer system; and using established guidelines to maximize utilization of plan resources through application of predetermined criteria; coordinating care by performing ministerial tasks like arranging appointments, referrals, and obtaining necessary authorizations from members; supplying members with additional information and resources to educate members concerning their health plan needs; and other similar work ("Utilization Review Work").

8. Plaintiffs bring this action on behalf of themselves and other similarly situated Utilization Review Employees, who due to Defendants' misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

9. Plaintiff Collins also brings class action claims under Illinois state law under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*

10. Plaintiff Valentine also brings class action claims under New York state law under the New York Minimum Wage Act, Labor Law § 650 *et seq.*, the New York Wage Payment Act, Labor Law § 190 *et seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (together, the "NYLL").

11.    Plaintiff Lee also brings class action claims under North Carolina state law under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1, *et seq.*

12.    Plaintiff Roseboro also brings class action claims under Ohio state law under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code Ann. § 4111.01, *et seq.*

13.    Plaintiffs Collins, Valentine, Lee and Roseboro bring their respective state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendants' failure to pay them and other Utilization Review Employees for all earned overtime pay.

**The Parties**

14.    Plaintiff Collins worked for Defendants as a Utilization Review Employee in this Judicial District from October 2011 to April 2018.

15.    Plaintiff Valentine worked for Defendants as a Utilization Review Employee in New York from March 2015 to December 2017.

16.    Plaintiff Lee worked for Defendants as a Utilization Review Employee in North Carolina from August 2007 to July 2017.

17.    Plaintiff Roseboro worked for Defendants as a Utilization Review Employee in Ohio from July 2015 to January 2019.

18.    Plaintiff Winston worked for Defendants as a Utilization Review Employee in Arizona from February 2003 to October 2018.

19.    Defendant Aetna Inc. is a Pennsylvania corporation.

20.    Defendant Aetna Inc.'s principal place of business is in Hartford, Connecticut.

21.    Defendant Aetna Life Insurance Company is a Connecticut corporation.

22.    Defendant Aetna Life Insurance Company's principal place of business is in Hartford, Connecticut.

**Jurisdiction and Venue**

23.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. *See* U.S.C. § 216(b).

24.     This Court has supplemental jurisdiction over the state law claims of Plaintiffs Collins, Valentine, Lee and Roseboro under 28 U.S.C. § 1367(a) because they arise out of the same facts as their FLSA claims.

25.     Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**Factual Allegations**

26.     Plaintiff Collins worked as a Utilization Review Employee for Defendants.

27.     Plaintiff Valentine worked as a Utilization Review Employee for Defendants.

28.     Plaintiff Lee worked as a Utilization Review Employee for Defendants.

29.     Plaintiff Roseboro worked as a Utilization Review Employee for Defendants.

30.     Plaintiff Winston worked as a Utilization Review Employee for Defendants.

31.     During her employment with Defendants, Plaintiff Collins primarily performed Utilization Review Work.

32.     During her employment with Defendants, Plaintiff Valentine primarily performed Utilization Review Work.

33.     During her employment with Defendants, Plaintiff Lee primarily performed Utilization Review Work.

34.     During her employment with Defendants, Plaintiff Roseboro primarily performed Utilization Review Work.

35.     During her employment with Defendants, Plaintiff Winston primarily performed Utilization Review Work.

36.     During her employment, Plaintiff Collins' job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

37.     During her employment, Plaintiff Valentine's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

38.     During her employment, Plaintiff Lee's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

39.     During her employment, Plaintiff Roseboro's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

40.     During her employment, Plaintiff Winston's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

41.     Defendants required Plaintiff Collins to work over 40 hours in one or more individual workweeks during the last three years.

42.     Defendants required Plaintiff Valentine to work over 40 hours in one or more individual workweeks during the last three years.

43.     Defendants required Plaintiff Lee to work over 40 hours in one or more individual workweeks during the last three years.

44.     Defendants required Plaintiff Roseboro to work over 40 hours in one or more individual workweeks during the last three years.

45.     Defendants required Plaintiff Winston to work over 40 hours in one or more individual workweeks during the last three years.

46.     Plaintiff Collins worked over 40 hours for Defendants in one or more individual workweeks during the last three years.

47.     Plaintiff Valentine worked over 40 hours for Defendants in one or more individual workweeks during the last three years.

48.    Plaintiff Lee worked over 40 hours for Defendants in one or more individual workweeks during the last three years.

49.    Plaintiff Roseboro worked over 40 hours for Defendants in one or more individual workweeks during the last three years.

50.    Plaintiff Winston worked over 40 hours for Defendants in one or more individual workweeks during the last three years.

51.    Defendants classified Plaintiff Collins as exempt from the overtime provisions of the FLSA and IMWL.

52.    Defendants classified Plaintiff Valentine as exempt from the overtime provisions of the FLSA and NYLL.

53.    Defendants classified Plaintiff Lee as exempt from the overtime provisions of the FLSA and NCWHA.

54.    Defendants classified Plaintiff Roseboro as exempt from the overtime provisions of the FLSA and OMFWSA.

55.    Defendants classified Plaintiff Winston as exempt from the overtime provisions of the FLSA.

56.    Defendants paid Plaintiff Collins a salary.

57.    Defendants paid Plaintiff Valentine a salary.

58.    Defendants paid Plaintiff Lee a salary.

59.    Defendants paid Plaintiff Roseboro a salary.

60.    Defendants paid Plaintiff Winston a salary.

61.    When Plaintiff Collins worked over 40 hours in individual workweeks, Defendants did not pay her overtime at one-and-one-half times her regular rate of pay.

62.     When Plaintiff Valentine worked over 40 hours in individual workweeks, Defendants did not pay Plaintiff her overtime at one-and-one-half times her regular rate of pay.

63.     When Plaintiff Lee worked over 40 hours in individual workweeks, Defendants did not pay her overtime at one-and-one-half times her regular rate of pay.

64.     When Plaintiff Roseboro worked over 40 hours in individual workweeks, Defendants did not pay Plaintiff her overtime at one-and-one-half times her regular rate of pay.

65.     When Plaintiff Winston worked over 40 hours in individual workweeks, Defendants did not pay her overtime at one-and-one-half times her regular rate of pay.

66.     Defendants are an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

67.     Defendants are an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

68.     Defendants have made more than $500,000 in sales made or business done in each of the last three calendar years.

69.     During her employment, Plaintiff Collins was an "employee" of Defendant Aetna Inc. as defined by the FLSA in 29 U.S.C. § 203(e).

70.     During her employment, Plaintiff Valentine was an "employee" of Defendant Aetna Inc. as defined by the FLSA in 29 U.S.C. § 203(e).

71.     During her employment, Plaintiff Lee was an "employee" of Defendant Aetna Inc. as defined by the FLSA in 29 U.S.C. § 203(e).

72.     During her employment, Plaintiff Roseboro was an "employee" of Defendant Aetna Inc. as defined by the FLSA in 29 U.S.C. § 203(e).

73.     During her employment, Plaintiff Winston was an "employee" of Defendant Aetna Inc. as defined by the FLSA in 29 U.S.C. § 203(e).

74.     During her employment, Plaintiff Collins was an "employee" of Defendant Aetna Life as defined by the FLSA in 29 U.S.C. § 203(e).

75.     During her employment, Plaintiff Valentine was an "employee" of Defendant Aetna Life as defined by the FLSA in 29 U.S.C. § 203(e).

76.     During her employment, Plaintiff Lee was an "employee" of Defendant Aetna Life as defined by the FLSA in 29 U.S.C. § 203(e).

77.     During her employment, Plaintiff Roseboro was an "employee" of Defendant Aetna Life as defined by the FLSA in 29 U.S.C. § 203(e).

78.     During her employment, Plaintiff Winston was an "employee" of Defendant Aetna Life as defined by the FLSA in 29 U.S.C. § 203(e).

79.     During her employment, Plaintiff Collins was an "employee" of Defendant Aetna Inc. as defined by the IMWL in 820 ILCS 105/3(d).

80.     During her employment, Plaintiff Valentine was an "employee" of Defendant Aetna Inc. as defined by the NYLL § 196.1(b).

81.     During her employment, Plaintiff Lee was an "employee" of Defendant Aetna Inc. as defined by the NCWHA § 95-25(2).

82.     During her employment, Plaintiff Roseboro was an "employee" of Defendant Aetna Inc. as defined by the OMFWSA § 4111.03(D)(3).

83.     During her employment, Plaintiff Collins was an "employee" of Defendant Aetna Life as defined by the IMWL in 820 ILCS 105/3(d).

84.     During her employment, Plaintiff Valentine was an "employee" of Defendant Aetna Life as defined by the NYLL § 196.1(b).

85.     During her employment, Plaintiff Lee was an "employee" of Defendant Aetna Life. as defined by the NCWHA § 95-25(2).

86.     During her employment, Plaintiff Roseboro was an "employee" of Defendant Aetna Life. as defined by the OMFWSA § 4111.03(D)(3).

87.     During her employment, Defendant Aetna Inc. was Plaintiff Collins' "employer" as defined under the FLSA in § 203(d).

88.     During her employment, Defendant Aetna Inc. was Plaintiff Valentine's "employer" as defined under the FLSA in § 203(d).

89.     During her employment, Defendant Aetna Inc. was Plaintiff Lee's "employer" as defined under the FLSA in § 203(d).

90.     During her employment, Defendant Aetna Inc. was Plaintiff Roseboro's "employer" as defined under the FLSA in § 203(d).

91.     During her employment, Defendant Aetna Inc. was Plaintiff Winston's "employer" as defined under the FLSA in § 203(d).

92.     During her employment, Defendant Aetna Life was Plaintiff Collins' "employer" as defined under the FLSA in § 203(d).

93.     During her employment, Defendant Aetna Life was Plaintiff Valentine's "employer" as defined under the FLSA in § 203(d).

94.     During her employment, Defendant Aetna Life was Plaintiff Lee's "employer" as defined under the FLSA in § 203(d).

95.     During her employment, Defendant Aetna Life was Plaintiff Roseboro's "employer" as defined under the FLSA in § 203(d).

96.     During her employment, Defendant Aetna Life was Plaintiff Winston's "employer" as defined under the FLSA in § 203(d).

97.     During her employment, Defendant Aetna Inc. was Plaintiff Collins' "employer" as defined by the IMWL in 820 ILCS 105/3(c).

98.     During her employment, Defendant Aetna Inc. was Plaintiff Valentine's "employer" as defined by the NYLL in § 2(6).

99.     During her employment, Defendant Aetna Inc. was Plaintiff Lee's "employer" as defined by the NCWHA in § 95-25(2).

100.    During her employment, Defendant Aetna Inc. was Plaintiff Roseboro's "employer" as defined by the OMFWSA in § 4111.03(D)(2).

101.    During her employment, Defendant Aetna Life was Plaintiff Collins' "employer" as defined by the IMWL in 820 ILCS 105/3(c).

102.    During her employment, Defendant Aetna Life was Plaintiff Valentine's "employer" as defined by the NYLL in § 2(6).

103.    During her employment, Defendant Aetna Life was Plaintiff Lee's "employer" as defined by the NCWHA in § 95-25(2).

104.    During her employment, Defendant Aetna Life was Plaintiff Roseboro's "employer" as defined by the OMFWSA in § 4111.03(D)(2).

**Collective Action Allegations**

105.    Plaintiffs bring their FLSA claims as a collective action.

106.    Plaintiffs' consent forms to participate in this collective action are attached to this Complaint as Exhibits A-E.

107.    The collective action is defined as follows:

All individuals employed by Defendants as Utilization Review Employees in the last three years who were paid a salary and no overtime, who worked more than 40 hours in one or more individual workweeks, and who file consent forms to participate in this lawsuit ("Collective Action Members").

108.    Plaintiffs are similarly situated to the potential Collective Action Members because they were paid in the same manner and performed the same primary job duties.

109.    In the last three years, Defendants employed individuals who performed the same primary duties as Plaintiffs.

110.    Of Defendants' employees who performed the same primary job duties as Plaintiffs in the last three years, Defendants classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

111.    Of employees classified as exempt and who performed the same primary duties as Plaintiffs in the last three years, some or all worked over 40 hours in individual workweeks.

112.    Defendants maintained one or more common job descriptions for Utilization Review Employees.

113.    Defendants have names and addresses for potential Collective Action Members in their payroll or personnel records.

114.    Defendants have email addresses for potential Collective Action Members in their payroll or personnel records.

115.    Defendants have phone numbers for potential Collective Action Members in their payroll or personnel records.

116.    Defendants are aware or should have been aware that the FLSA required them to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

**Class Action Allegations**

117.    Plaintiffs Collins, Valentine, Lee and Roseboro also seek class certification under Fed. R. 23 of the following state law sub-classes:

   a.    All individuals employed by Defendants in Illinois as Utilization Review Employees in the last three years who were paid a salary and no overtime and who worked more than 40 hours in one or more individual workweeks, (the "Illinois Class");

   b.    All individuals employed by Defendants in New York as Utilization Review Employees in the last six years who were paid a salary and no overtime and

who worked more than 40 hours in one or more individual workweeks, (the "New York Class").

    c.    All individuals employed by Defendants in North Carolina as Utilization Review Employees in the last two years who were paid a salary and no overtime and who worked more than 40 hours in one or more individual workweeks, (the "North Carolina Class").

    d.    All individuals employed by Defendants in Ohio as Utilization Review Employees in the last two years who were paid a salary and no overtime and who worked more than 40 hours in one or more individual workweeks, (the "Ohio Class").

118.    The Illinois Class has more than 40 members.

119.    As a result, the Illinois Class is so numerous that joinder of all members is not practical.

120.    The New York Class has more than 40 members.

121.    As a result, the New York Class is so numerous that joinder of all members is not practical.

122.    The North Carolina Class has more than 40 members.

123.    As a result, the North Carolina Class is so numerous that joinder of all members is not practical.

124.    The Ohio Class has more than 40 members.

125.    As a result, the Ohio Class is so numerous that joinder of all members is not practical.

126.    There are questions of law or fact common to the Illinois Class, including (1) whether the Illinois Class primarily performed non-exempt work; (2) whether Defendants violated the IMWL by refusing to pay the Illinois Class overtime pay; and (3) the proper measure of damages if Defendants misclassified the Illinois Class as exempt from the overtime provisions of the IMWL.

127.    There are questions of law or fact common to the New York Class, including (1) whether the New York Class primarily performed non-exempt work; (2) whether Defendants violated the NYLL by refusing to pay the New York Class overtime pay; and (3) the proper measure of damages if Defendants misclassified the New York Class as exempt from the overtime provisions of the NYLL.

128.    There are questions of law or fact common to the North Carolina Class, including (1) whether the North Carolina Class primarily performed non-exempt work; (2) whether Defendants violated the NCWHA by refusing to pay the North Carolina Class overtime pay; and (3) the proper measure of damages if Defendants misclassified the North Carolina Class as exempt from the overtime provisions of the NCWHA.

129.    There are questions of law or fact common to the Ohio Class, including (1) whether the Ohio Class primarily performed non-exempt work; (2) whether Defendants violated the OMFWSA by refusing to pay the Ohio Class overtime pay; and (3) the proper measure of damages if Defendants misclassified the Ohio Class as exempt from the overtime provisions of the OMFWSA.

130.    Plaintiff Collins' overtime claims are typical of those of the Illinois Class because they arise out of Defendants' uniform compensation practices.

131.    Plaintiff Valentine's overtime claims are typical of those of the New York Class because they arise out of Defendants' uniform compensation practices.

132.    Plaintiff Lee's overtime claims are typical of those of the North Carolina Class because they arise out of Defendants' uniform compensation practices.

133.    Plaintiff Roseboro's overtime claims are typical of those of the Ohio Class because they arise out of Defendants' uniform compensation practices.

134.    Defendants' defenses to Plaintiff Collins' IMWL claims are typical of their defenses to those of the Illinois Class because they are grounded in the same compensation practices.

135.    Defendants' defenses to Plaintiff Valentine's NYLL claims are typical of their defenses to those of the New York Class because they are grounded in the same compensation practices.

136.    Defendants' defenses to Plaintiff Lee's NCWHA claims are typical of their defenses to those of the North Carolina Class because they are grounded in the same compensation practices.

137.    Defendants' defenses to Plaintiff Roseboro's OMFWSA claims are typical of their defenses to those of the Ohio Class because they are grounded in the same compensation practices.

138.    Plaintiff Collins can fairly and adequately protect the interests of the Illinois Class because she is asserting the same claims as the Illinois Class.

139.    Plaintiff Valentine can fairly and adequately protect the interests of the New York Class because she is asserting the same claims as the New York Class.

140.    Plaintiff Lee can fairly and adequately protect the interests of the North Carolina Class because she is asserting the same claims as the North Carolina Class.

141.    Plaintiff Roseboro can fairly and adequately protect the interests of the Ohio Class because she is asserting the same claims as the Ohio Class.

142.    Plaintiff Collins can fairly and adequately protect the interests of the Illinois Class because she has no interests adverse to the Illinois Class.

143.    Plaintiff Valentine can fairly and adequately protect the interests of the New York Class because she has no interests adverse to the New York Class.

144.     Plaintiff Lee can fairly and adequately protect the interests of the North Carolina Class because she has no interests adverse to the North Carolina Class.

145.     Plaintiff Roseboro can fairly and adequately protect the interests of the Ohio Class because she has no interests adverse to the Ohio Class.

146.     Plaintiff Collins can fairly and adequately protect the interests of the Illinois Class because she has retained counsel experienced in class action employment litigation.

147.     Plaintiff Valentine can fairly and adequately protect the interests of the New York Class because she has retained counsel experienced in class action employment litigation.

148.     Plaintiff Lee can fairly and adequately protect the interests of the North Carolina Class because she has retained counsel experienced in class action employment litigation.

149.     Plaintiff Roseboro can fairly and adequately protect the interests of the Ohio Class because she has retained counsel experienced in class action employment litigation.

150.     The common questions of law and fact predominate over the variations which may exist between members of the Illinois Class, if any.

151.     The common questions of law and fact predominate over the variations which may exist between members of the New York Class, if any.

152.     The common questions of law and fact predominate over the variations which may exist between members of the North Carolina Class, if any.

153.     The common questions of law and fact predominate over the variations which may exist between members of the Ohio Class, if any.

154.     Plaintiff Collins and the members of the Illinois Class on the one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

155. Plaintiff Valentine and the members of the New York Class on the one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

156. Plaintiff Lee and the members of the North Carolina Class on the one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

157. Plaintiff Roseboro and the members of the Ohio Class on the one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

158. If individual actions were required to be brought by each member of the Illinois Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as the Defendants.

159. If individual actions were required to be brought by each member of the New York Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as the Defendants.

160. If individual actions were required to be brought by each member of the North Carolina Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as the Defendants.

161. If individual actions were required to be brought by each member of the Ohio Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as the Defendants.

162. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Illinois Class is entitled.

163.    Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the New York Class is entitled.

164.    Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the North Carolina Class is entitled.

165.    Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Ohio Class is entitled.

166.    The books and records of Defendants are material to the Illinois Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

167.    The books and records of Defendants are material to the New York Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

168.    The books and records of Defendants are material to the North Carolina Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

169.    The books and records of Defendants are material to the Ohio Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

**COUNT I**
**Violation of the Fair Labor Standards Act**
**(Collective Action)**

170.    Plaintiffs incorporate here the previous allegations of this Complaint.

171.    This count arises from Defendants' violations of the FLSA by failing to pay overtime to Plaintiffs and the Collective Action Members when they worked over 40 hours in individual workweeks.

172.    Plaintiff Collins was not exempt from the overtime provisions of the FLSA.

173.    Plaintiff Valentine was not exempt from the overtime provisions of the FLSA.

174.    Plaintiff Lee was not exempt from the overtime provisions of the FLSA.

175.    Plaintiff Roseboro was no exempt from the overtime provisions of the FLSA.

176.    Plaintiff Winston was not exempt from the overtime provisions of the FLSA.

177.    Collective Action Members were not exempt from the overtime provisions of the FLSA.

178.    Defendants directed Plaintiffs Collins, Valentine, Lee, Roseboro and Winston to work, and they did work, over 40 hours in one or more individual workweeks during the last three years.

179.    Other Collective Action Members were directed to work and did work, over 40 hours in one or more individual workweeks during the last three years.

180.    Defendants paid Plaintiff Collins a salary and no overtime compensation.

181.    Defendants paid Plaintiff Valentine a salary and no overtime compensation.

182.    Defendants paid Plaintiff Lee a salary and no overtime compensation.

183.    Defendants paid Plaintiff Roseboro a salary and no overtime compensation.

184.    Defendants paid Plaintiff Winston a salary and no overtime compensation.

185.    Defendants paid other Collective Action Members a salary and no overtime compensation.

186.    Defendants violated the FLSA by failing to pay overtime to Plaintiff Collins at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

187.    Defendants violated the FLSA by failing to pay overtime to Plaintiff Valentine at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

188.    Defendants violated the FLSA by failing to pay overtime to Plaintiff Lee at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

189.    Defendants violated the FLSA by failing to pay overtime to Plaintiff Roseboro at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

190.    Defendants violated the FLSA by failing to pay overtime to Plaintiff Winston at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

191.    Defendants violated the FLSA by failing to pay overtime to other Collective Action Members at one and one-half times their regular rate of pay when they worked over 40 hours in one or more individual workweeks.

192.    Defendants' violations of the FLSA were willful because they received complaints from Utilization Review Employees that alerted Defendants that they were paying one or more of those employees incorrectly.

193.    Alternatively, Defendants' violations of the FLSA were willful because they classified other employees who performed many of the same primary duties as Utilization Review Employees as non-exempt from the FLSA's overtime requirements.

WHEREFORE, Plaintiffs, on behalf of themselves and the Collective Action Members, seek a judgment against Defendants as follows:

A.  All unpaid overtime wages due to Plaintiffs and the Collective Action Members;

B.  Pre-judgment and post-judgment interest;

C.  Liquidated damages equal to the unpaid overtime compensation due;

D.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E.  Such other relief as the Court deems appropriate.

**COUNT II**
**Violation of the Illinois Minimum Wage Law**
**Class Action**

194.  Plaintiff Collins incorporates here the previous allegations of this Complaint.

195.  This count arises from Defendants' violation of the IMWL for their failure to pay Plaintiff Collins and the Illinois Class overtime pay when they worked over 40 hours in individual workweeks.

196.  Defendants classified Plaintiff Collins as exempt from the overtime provisions of the IMWL.

197.  Defendants classified members of the Illinois Class as exempt from the overtime provisions of the IMWL.

198.  Plaintiff Collins was not exempt from the overtime provisions of the IMWL.

199.  Members of the Illinois Class were not exempt from the overtime provisions of the IMWL.

200.  Plaintiff Collins was regularly directed to work by Defendants, and did work, over 40 hours in individual workweeks.

201.    The Illinois Class was regularly directed to work by Defendants, and did work, over 40 hours in individual workweeks.

202.    Defendants violated the IMWL by failing to pay Plaintiff Collins and members of the Illinois Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff Collins on behalf of herself and members of the Illinois Class, seeks a judgment against Defendants as follows:

A.      All unpaid overtime wages due to Plaintiff Collins and the Class;

B.      Pre-judgment and post-judgment interest;

C.      Damages in the amount of 2% of the amount of the underpayments per month pursuant to the formula set forth in 820 ILCS 105/12(a);

D.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E.      Such other relief as this Court deems appropriate.

**COUNT III**
**Violation of the New York Labor Law**
**(Class Action)**

203.    Plaintiff Valentine incorporates here the previous allegations of this Complaint.

204.    This count arises from Defendants' violations of the NYLL by failing to pay overtime to Plaintiff Valentine and members of the New York Class when they worked over 40 hours in individual workweeks.

205. Defendants classified Plaintiff Valentine as exempt from the overtime provisions of the NYLL.

206. Defendants classified members of the New York Class as exempt from the overtime provisions of the NYLL.

207. Plaintiff Valentine was not exempt from the overtime provisions of the NYLL.

208. Members of the New York Class were not exempt from the overtime provisions of the NYLL.

209. Plaintiff Valentine was regularly directed to work by Defendants, and did work, over 40 hours in individual workweeks.

210. Defendants violated the NYLL by failing to pay Plaintiff Valentine and members of the New York Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff Valentine, on behalf of herself and members of the New York Class, seeks a judgment against Defendants as follows:

A. All unpaid overtime wages due to Plaintiff Valentine and the New York Class;

B. Pre-judgment and post-judgment interest;

C. Liquidated damages equal to the unpaid overtime compensation due;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E. Such other relief as the Court deems appropriate.

**COUNT IV**
**Violation of the North Carolina Wage & Hour Act**
**(Class Action)**

211. Plaintiff Lee incorporates here the previous allegations of this Complaint.

212.     This count arises from Defendants' violations of the NCWHA by failing to pay overtime to Plaintiff Lee and members of the North Carolina Class when they worked over 40 hours in individual workweeks.

213.     Defendants classified Plaintiff Lee as exempt from the overtime provisions of the NCWHA.

214.     Defendants classified members of the North Carolina Class as exempt from the overtime provisions of the NCWHA.

215.     Plaintiff Lee was not exempt from the overtime provisions of the NCWHA.

216.     Members of the North Carolina Class were not exempt from the overtime provisions of the NCWHA.

217.     Plaintiff Lee was regularly directed to work by Defendants, and did work, over 40 hours in individual workweeks.

218.     Defendants violated the NCWHA by failing to pay Plaintiff Lee and members of the North Carolina Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff Lee, on behalf of herself and members of the North Carolina Class, seeks a judgment against Defendants as follows:

A.     All unpaid overtime wages due to Plaintiff Lee and members of the North Carolina Class;

B.     Pre-judgment and post-judgment interest;

C.     Liquidated damages equal to the unpaid overtime compensation due;

D.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E.     Such other relief as the Court deems appropriate.

**COUNT V**
**Violation of the Ohio Minimum Fair Wage Standards Act**
**(Class Action)**

219.     Plaintiff Roseboro incorporates here the previous allegations of this Complaint.

220.     This count arises from Defendants' violations of the OMFWSA by failing to pay overtime to Plaintiff Roseboro and members of the Ohio Class when they worked over 40 hours in individual workweeks.

221.     Defendants classified Plaintiff Roseboro as exempt from the overtime provisions of the OMFWSA.

222.     Defendants classified members of the Ohio Class as exempt from the overtime provisions of the OMFWSA.

223.     Plaintiff Roseboro was not exempt from the overtime provisions of the OMFWSA.

224.     Members of the Ohio Class were not exempt from the overtime provisions of the OMFWSA.

225.     Plaintiff Roseboro was regularly directed to work by Defendants, and did work, over 40 hours in individual workweeks.

226.     Defendants violated the OMFWSA by failing to pay Plaintiff Roseboro and members of the Ohio Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff Roseboro, on behalf of herself and members of the Ohio Class, seeks a judgment against Defendants as follows:

A.     All unpaid overtime wages due to Plaintiff Roseboro and the Ohio Class;

B.     Pre-judgment and post-judgment interest;

C.     Liquidated damages equal to the unpaid overtime compensation due;

D.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit;

and

E.     Such other relief as the Court deems appropriate.

## Jury Demand

Plaintiffs demand a trial by jury on all counts.

Respectfully submitted,

Date: February 26, 2019

/s/ Douglas M. Werman
DOUGLAS M. WERMAN
MAUREEN A. SALAS
SARAH J. ARENDT
ZACHARY C. FLOWERREE
Werman Salas P.C.
77 West Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com
sarendt@flsalaw.com
zflowerree@flsalaw.com

TRAVIS M. HEDGPETH*
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
5438 Rutherglenn Drive
Houston, Texas 77096
P: (512) 417-5716
travis@hedgpethlaw.com

JACK SIEGEL*
Texas Bar No. 24070621
Siegel Law Group PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

*Application for admission pro hac vice
forthcoming

**Attorneys for Plaintiffs and Others
Similarly Situated**